43 F.3d 1176
 129 Lab.Cas. P 33,187, 2 Wage & Hour Cas.2d
(BNA) 801
 Joe HEATON; Edward L. Stockwell; Natilee J. Crammer;
Donald L. Daniels; Frank H. Parker, Jr.; Robert Smith;
Robert D. Norris; Leon D. Maifield; Carmen D. Jenkins;
Jerry Giboney; Hazel Elder; Linda F. Winingear; Tina M.
Meder; Jack Meder, Sr.; Gary L. Kern; Barbara L. Dolezal;
June Cornelius; C.F. Cornelius; Kenneth W. Bennette;
Wade R. Beers; Edward Schmidt; Larry C. Jackson; Robert
Intrery; Frances Connell; Haldon B. Delo; Moses L.
Carbin, Jr.; John Carpenter; Joann Delo; John F. Dobe;
Judy Howard; Anita J. Janes; Edward McNeil; Gilman C.
Painter; Chester Sutton; John G. Swan; Robert L. Taylor;
Roger D. Wheat; Donald G. Hagner; James Hagner; Richard
M. Kirschner; Douglas Koenigsfeld; John L. Looten; Edward
E. Matteson; C.R. McDonnell; Linda G. Rackers; Travis D.
Watson; Clara J. Reed; Larry Mack; Larry Heuman; Donald
Barton; Virgil Arnold; Thomas P. Riordan; Patrick
Riordan; Gregory M. Lippold; Jerald L. Harrah; James F.
Earhart; Corbett H. Fasching, II; Timothy S. Hays; John
A. Larmer; Louis N. Mitchell; Anthony L. Patterson;
Jackie L. Cobaugh; Gail W. Jackson; Wayne D. Hurley; Carl
Hanes; Charlene L. Drake; Philip M. Daniels; Donna E.
Long; Jane Richardson; Steve Richardson; Edward K.
Marshall; Bill Arndt; Clyde J. Mann; Ron Nunnery; Carl
W. Roberts; Betty C. Ponder; Etelka M. Van Winkle; Ruby
Tyler; Michael S. Shrout; Dewey Ivy; Lawrence R. Kniser;
Vestel M. Yates; John M. Hucke; Wrick C. Essman; David
Butcher; James E. Farrow; Edward L. Barron; David A.
Fisher; Gerald W. Hobbs; Cedric Spain; Terry Snow;
Freddie O. Freeman; Ronald Wainright; Parrish L. Ramey;
Phillip A. Davis; Thomas R. Goodrich; Gary D. Baldwin;
Donald W. Reinkemeyer; Stephen H. Goodwin; James L.
Thompson; Dale E. Gibbs; Ralph L. Allen; Harold K. Jones;
George A. Failing; Charles L. Bussio; Lawrence W. Mills;
Roy Sunny Shoun; Sherrie Wohlgemuth; Larry Wohlgemuth;
James B. Thompson; Laurel B. Beard; Marechal Koch; Elmer
J. Winingar, III; Willis L. Brooks; Henry Vollmer; Joseph
T. Woelich; John D. Shively; Rita F. Roney; Karen R.
Pulliam; Richard W. Polk; Brenda J. Pierce; Brian Pettus;
Clinton D. Lee; Donna K. Lacy; Jack L. Husk; Patricia
Hardesty; Gary S. Gratton; William C. Ging; Darrell L.
Faircloth; Steve Eaton; Floyd Michael Plymale; Troy A.
Hurt; Sandra L. Hurt; Timothy W. Chronister; Robert L.
Burden; Donald L. Beauchamp; Mary Susan Barton; Clifford
R. Allen; Richard E. Middleton; Gary Cook; Daniel P.
Engelke; Tracy Washington; Gary Anderson; Hershell
Brooks; Joyce M. Gibbs; Billy Gene Tilley; Paul A.
Merrill; Glenda L. Merrill; Charles R. Cowan; Daniel
Dicus; Richard Skaggs; Morgan R. Warren; Gary G.
Ellis; Billy Davis; Auldine E. Ferrell, Jr.; William H.
Hathaway; Natalie Holland; Leonard J. Williams; Kenneth
Brenneman; John C. Smith; Larry Wray; Michael L.
Theberge, Sr.; Dwight Lawson; Lonnie E. Carpenter; Lamont
Hamilton; Curtis A. Rifenberg; Robert A. Aders; Joyce
Alexander; Ralph L. Allen; Melvin C. Autrey; Greer Baker;
Rosemary K. Balles; William J. Barber; Angie D. Bartlett;
Steven D. Battershell; Thomas D. Beaman; Major Bell;
William A. Bell, Jr.; Sarah B. Berhorst; Gene A. Blount;
Alma Borgmeyer; Lonnie R. Branch, Sr.; Johnny N. Brown;
Stephen R. Brownlee; Joy L. Burns; Lenny C. Busby; James
Carlock; Richard Cartmill; David Clare; Peggy Clare;
Mark D. Dalton; William R. Daugherty; Ralph F. Dill;
Alvin F. Dunmer; Jesse C. Duncan; Hazel Elder; Lloyd D.
Ewing; Annie B. Fowler; Catherine R. Friend; Harold K.
Gan; Forrest G. Gerhart; Frank L. Gladfelder; Charles E.
Golden; Tom Goodrich; Kenneth M. Grace; Cecil P. Graves;
Glenn Gross; Geraldine Gyngard; Kenneth L. Harrison;
Kevin M. Helton; Richard W. Hirschman; Jerry Hockersmith;
Thomas Wesley Huber; Bill Humfeld; Edgar E. Hunt;
Beatrice Kay Hunt-Barner; Valerie Hyatt; Kay Ivy; William
F. Jacks; Helen Joyce Jacobs; Dennis Eugene Jones; James
D. Jones; Robert Weavers; Michael D. Webb; Gladys Weir;
Thomas H. Wells; Don Whitfield; Larry W. Whittle; Kenneth
M. Wenell; Keith Wright, Plaintiffs-Appellees,
v.
Dick D. MOORE, Director of Department of Corrections for the
State of Missouri; Department of Corrections for
the State of Missouri, Defendants-Appellants.
 No. 94-1517.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 13, 1994.
Decided Dec. 21, 1994.
 
 James Robert Layton, Asst. Atty. Gen., Jefferson City, MO, argued, (Jack L. Campbell, Karen R. Glickstein and Adam P. Sachs, on the brief), for appellants.
 Donald R. Aubry, Kansas City, MO, argued, (Dale L. Ingram, on the brief), for appellees.
 Before HANSEN, Circuit Judge, FLOYD R. GIBSON, and HENLEY, Senior Circuit Judges.
 HANSEN, Circuit Judge.
 
 
 1
 The defendants, the Department of Corrections for the State of Missouri (DOC) and Dick D. Moore, Director of the DOC, appeal the district court's[1] order granting summary judgment to the plaintiffs, who are DOC employees, on their claim that the defendants violated the Fair Labor Standards Act (FLSA), 29 U.S.C. Secs. 201-216. The district court found that the defendants' policy requiring the plaintiffs to use compensatory leave time, accrued by them for performing overtime work, at particular times designated by the defendants violated the FLSA. The defendants contend that the district court erred in concluding that the DOC policy regulating the use of compensatory leave time violated the FLSA. We affirm.
 
 I.
 
 2
 The relevant facts are not disputed. The FLSA allows state and local governments and agencies to provide their workers with compensatory time off for overtime work performed instead of cash overtime pay, if the employees agree to this arrangement either as part of a collective bargaining agreement or in some other agreement with the employer made before they start work. See 29 U.S.C. Secs. 207(o )(1) & (2). All of the plaintiffs in this case agreed to accept compensatory time in lieu of cash paid overtime as a condition of their employment when they began working for the DOC. Indeed, it is a condition of employment for DOC employees.
 
 
 3
 The DOC regularly scheduled overtime work for correctional officers and credited those employees with an hour and a half of compensatory time for each hour of overtime worked, consistent with section 207(o )(1) of the FLSA. The DOC employment manual stated, consistent with 29 U.S.C. Sec. 207(o )(3)(A), that a corrections officer would "be credited with federal compensatory time until that employee has worked 320 actual federal overtime hours which equals 480 hours of federal compensatory time ... [and] shall be given overtime pay for time earned beyond the 480 hours." (App. at 147.) The manual also provided:
 
 
 4
 Federal Overtime Control: Whenever any covered employee accrues one hundred twenty (120) hours of overtime, which converts to one hundred eighty (180) hours of compensatory time, the institution or office personnel representative shall immediately notify the chief administrative officer as well as the departmental personnel officer in central office. The chief administrative officer or their [sic] designees shall immediately meet with the employee and discuss a plan to reduce the number of overtime hours accrued by the employee. If departmental needs prevent giving such overtime off, the chief administrative officer shall review the employee's schedule every two weeks, and continuously endeavor to reduce the employee's accrued overtime.
 
 
 5
 (App. at 148.) In furtherance of the DOC's goal of keeping compensatory time balances at a minimum, the DOC also circulated a memo to correctional workers specifically stating its desire to reduce employee compensatory time balances. The memo stated that "all Officers with 100 or more hours of Comp Time, will submit a 1st and 2nd choice Comp time off request, for 40 Hours or more for the following Month" and that "[i]f a request is not received, Comp time off will be scheduled." (App. at 173.) In accordance with this policy, when corrections officers have failed to reduce voluntarily their compensatory time balances, the DOC has required the officers to take compensatory time off at times scheduled by the DOC, even when the officers have objected.
 
 
 6
 The plaintiffs filed this lawsuit challenging the DOC's policy of requiring involuntary use of compensatory time as a violation of the FLSA.[2] The defendants argued that the policy did not violate any provision of the FLSA and was consistent with the statutory rules on the use of compensatory time. The district court granted summary judgment for the plaintiffs after finding that the forced-use policy violates the FLSA. The defendants appeal.
 
 III.
 
 7
 We review a district court order granting summary judgment de novo. Clark v. Groose, 36 F.3d 770, 772 (8th Cir.1994). This case presents a question of first impression: whether a public employer violates the FLSA by unilaterally imposing a policy that forces employees, against their wishes, to use accrued compensatory time at times scheduled solely by the employer. The resolution of this question turns primarily on the construction of 29 U.S.C. Sec. 207(o )(5), the only section of the FLSA to address the use of accrued compensatory time. Section 207(o)(5) provides:
 
 
 8
 An employee of a public agency ... (A) who has accrued compensatory time off ... and (B) who has requested the use of such compensatory time, shall be permitted by the employee's employer to use such time within a reasonable period after making the request if the use of the compensatory time does not unduly disrupt the operations of the public agency.
 
 
 9
 The district court found that compensatory time is a "right" under the FLSA, and that section 207(o )(5) entitles employees to use their accrued compensatory time (which they have the "right" to receive) at their discretion, except when their requested use of the time will unduly disrupt the employer's operations. The district court concluded that the DOC's unilateral policy of forcing employees to use compensatory time when directed to do so by the DOC without an initiating request from the employee violated the employees' rights under section 207(o )(5) to use their compensatory time at the employees' discretion.
 
 
 10
 The defendants argue that the district court erred in interpreting section 207(o )(5). They argue that because section 207(o )(5) addresses only employee requests to use compensatory time, the statute is silent on the particular question presented herewhether the employer can force an employee to use compensatory time once the employee's compensatory time balance has reached a certain point. Thus, the defendants argue that the DOC's policy does not violate section 207(o )(5) because Congress did not specifically address the issue. The defendants also argue that the DOC policy is fully consistent with section 207(o )(5) because the policy's purpose is only to prevent undue disruption of the DOC's operation.
 
 
 11
 In view of the entire statutory regime regulating the accrual and use of compensatory time, we agree with the district court and conclude that the DOC policy is inconsistent with section 207(o )(5). The FLSA, as noted above, allows public agencies to provide compensatory time in lieu of cash overtime pay if an employee agrees to such an arrangement either through collective bargaining or some other agreement before starting employment. 29 U.S.C. Sec. 207(o )(1) & (2). Employees are allowed to "bank" compensatory time in what amounts to an employee-owned savings account of compensatory time. The banked compensatory time essentially is the property of the employee.[3] We read section 207(o )(5), the only section addressing the method for using banked compensatory time, to be consistent with the understanding that the banked time belongs to the employee. Section 207(o )(5) specifically gives the employee the right of access to and control of the use of that banked time subject only to the employer's right to deny requested uses by the employee that would unduly disrupt the employer's operation. As the employee would have the right to spend the employee's cash overtime pay when and as the employee chose, so the employee should be allowed to spend the banked compensatory time as the employee chooses, subject only that the employee not "unduly disrupt" the public employer's operations in doing so.
 
 
 12
 In our view, section 207(o )(5) clearly allocates the relative rights of employees and employers to control the use of accrued compensatory time. An employee has the right to use the accrued time as the employee sees fit subject only to the employer's limited right to deny an employee's request if it would unduly disrupt the employer's operations. Congress has not provided the employer with any further right to unilaterally control or to force the employee's use of compensatory time. We take guidance here from the maxim of statutory construction inclusio unius est exclusio alterius. Under that principle of construction, " '[w]hen a statute limits a thing to be done in a particular mode, it includes a negative of any other mode.' " Longview Fibre Co. v. Rasmussen, 980 F.2d 1307, 1312 (9th Cir.1992) (quoting Raleigh & Gaston Ry. v. Reid, 80 U.S. (13 Wall.) 269, 270, 20 L.Ed. 570 (1871)). In other words, where Congress has specified in the statute the circumstances under which a public employer may exercise unilateral control over accrued compensatory time, other unilateral methods not provided for in the statute are not allowed under the statute. We conclude that Congress has limited the public employer's control over an employee's use of compensatory time only to situations where an employee's requested use of compensatory time would be "unduly disruptive" to the public employer's operations. Any further attempt by a public employer to unilaterally exercise authority over how the employee uses the employee's accrued compensatory time is inconsistent with section 207(o )(5).[4]
 
 
 13
 The defendants contend that the forced-use policy is simply an attempt to avoid future events that could be "unduly disruptive" to the work of the DOC and, therefore, the policy is wholly consistent with section 207(o )(5). The undue disruption that the defendants allege they are attempting to avoid is the potential of having to pay overtime wages to correctional officers who accrue more than 480 hours of compensatory time and of having to make large payments on sizeable unused compensatory time balances when employees leave the DOC. See 29 U.S.C. Sec. 207(o )(3)(A) (public safety workers accruing more than 480 hours of compensatory time must be paid overtime compensation); 29 U.S.C. Sec. 207(o )(4) (on termination of employment public employer must pay for unused compensatory time). The defendants assert that keeping compensatory time balances low will avoid DOC budget problems brought on by the expense of paying overtime compensation and will help avoid scheduling problems that would arise in attempting to prevent employees who are near the 480-hour level from exceeding it.
 
 
 14
 We are not persuaded by the defendants' argument. Section 207(o )(5)'s "unduly disruptive" exception cannot help the defendants because that exception is not implicated in this case. The "unduly disruptive" exception comes into play only when an employee first requests to use his or her accrued compensatory time. The DOC's policy is not in any way linked to an employee's voluntary request to use compensatory time. Quite to the contrary, the policy forces employees either to make a request to use their time or to use their banked time when they do not want to do so. Simply stated, section 207(o )(5) gives public employers only the right to decline an employee's request to use compensatory time because the proposed use would be unduly disruptive, not the right to force an employee to make a request to use compensatory time in anticipation of some potential undue disruption later.
 
 
 15
 Moreover, the eventual payment of overtime compensation as mandated by the FLSA cannot be deemed "unduly disruptive" of the DOC's operation. Congress has expressly established as a matter of public policy that public employers must pay for overtime in cash to public safety employees, like the plaintiffs in this case, whose compensatory time balances have reached 480 hours and must pay employees for unused compensatory time upon termination. 29 U.S.C. Secs. 207(o )(3)(A) & (o )(4). We find that the prospect of having to comply in the future with a Congressionally enacted public policy initiative cannot be deemed to be "unduly disruptive" of the employer's operation. It is simply a law with which the defendants must comply. We also note that Congress expected some disruption of the employer's operation to occur as a result of an employee's decision to use compensatory time when the employee wants to do so. The employer may only deny an employee's request to use compensatory time when the proposed use would "unduly disrupt" the employer's operation. (emphasis added). Accordingly, we reject the defendants' argument that the DOC's forced-use policy is consistent with or supported in any way by section 207(o )(5).
 
 
 16
 The defendants have argued at length that if they cannot force employees to use their accumulated compensatory time at some point, they will have no way of controlling employees' compensatory time balances. Again, we must disagree. Employers retain the ability to control any such problem from the front end. Employers are free to schedule less overtime and/or hire more corrections officers to reduce the need for compensatory time. As we have previously observed, "[a] fundamental purpose of the Fair Labor Standards Act was to encourage employers to distribute work among a larger number of employees rather than to work employees overtime." Marshall v. Hamburg Shirt Corp., 577 F.2d 444, 446 (8th Cir.1978).
 
 
 17
 For the foregoing reasons, we affirm the district court's grant of summary judgment to the plaintiffs.
 
 
 18
 A true copy.
 
 
 
 [1]
 The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri
 
 
 [2]
 The plaintiffs raised a number of other issues that were decided by the district court but are not the subject of this appeal
 
 
 [3]
 This is consistent with the Department of Labor regulations which describe compensatory time as a "right" the employee receives, 29 C.F.R. Sec. 553.25(b), and which require the employer to inform the employee "that compensatory time received may be preserved" by the employee, 29 C.F.R. Sec. 553.23(c)(1)(ii)
 
 
 [4]
 The employees in this case agreed to take compensatory time in lieu of cash overtime pay with no further restrictions on the use of the compensatory time contained either in the employment agreements or otherwise. We take no position on section 207(o )(5)'s effect on any additional agreements between the employer and the employees which may limit the time and manner of the employees' use of compensatory time. Those issues are not presented by the record before us