157 F.3d 758
 159 L.R.R.M. (BNA) 2452, 136 Lab.Cas. P 33,731,
4 Wage & Hour Cas.2d (BNA) 1704,
98 Cal. Daily Op. Serv. 7680,
98 Daily Journal D.A.R. 10,664
 ALBERTSON'S, INC., Plaintiff-Appellant,
v.
UNITED FOOD AND COMMERCIAL WORKERS UNION, AFL-CIO & CLC;
United Food & Commercial Workers Union Local 44; United
Food & Commercial Workers Union Local 368A; International
Union, AFL-CIO & CLC; CWCW Local 81; CWCW Local 367; CWCW
Local 381; CWCW Local 555; CWCW Local 1105; CWCW Local
1439; CWCW Local 135; CWCW Local 324; CWCW Local 373;
CWCW Local 588; CWCW Local 770; CWCW Local 839; CWCW
Local 870; CWCW Local 1036; CWCW Local 1167; CWCW Local
1179; CWCW Local 1288; CWCW Local 1428; CWCW Local 1442,
Defendants-Appellees.
 No. 97-35500.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 5, 1998.
Decided Oct. 8, 1998.
 
 1
 Joel M. Cohn, Akin, Gump, Strauss, Hauer & Feld, Washington, DC, for plaintiff-appellant.
 
 
 2
 Scott McKay, Nevin, Herzfeld & Benjamin, Boise, Idaho, and James H. Webster, Webster, Mrak & Blumberg, Seattle, Washington, for defendants-appellees.
 
 
 3
 Robert E. Williams, McGuiness & Williams and William Stone, Washington, DC, for amicus curiae.
 
 
 4
 Appeal from the United States District Court for the District of Idaho; B. Lynn Winmill, District Judge, Presiding. D.C. No. CV-96-00398-BLW.
 
 
 5
 Before: NELSON and KOZINSKI, Circuit Judges, and SCHWARZER,* Senior District Judge.
 
 SCHWARZER, Senior District Judge:
 
 6
 We must decide whether members of a labor union may assert claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-19, in federal court without resort to the grievance-arbitration procedure under the collective bargaining agreement between their union and their employer. The district court held that the employees are not required to submit their claims to arbitration before bringing suit under the FLSA. We affirm although on somewhat different reasoning.
 
 FACTS AND PROCEDURAL HISTORY
 
 7
 Albertson's is a retail grocery chain with 800 stores in 19 states, employing about 85,000 people. Collective Bargaining Agreements (CBAs) cover about 28,000 employees who are members of various local unions (Locals) of the United Food & Commercial Workers International Union (UFCW). The Locals and the UFCW complain that Albertson's forces employees to work without punching the time clock and without getting paid-work that is described as "off-the-clock." Allegedly, an employee who records the full amount of time spent to complete an assignment risks discipline or discharge.
 
 
 8
 The UFCW threatened to sue to collect for off-the-clock work. Albertson's responded by filing this action against twenty Locals and the UFCW (together, the Unions). Its complaint contained four counts, but only Count One is before us on appeal. That Count, brought under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, sought a declaratory judgment that the Unions will breach the CBAs by failing to submit their off-the-clock claims to arbitration.[1] Shortly after the filing of this action, the Unions-along with others-filed actions against Albertson's in California, Washington, and Florida alleging claims under the FLSA as well as under state wage and hour statutes. The state court actions were removed and all actions have since been consolidated in the District of Idaho.
 
 
 9
 Albertson's moved for partial summary judgment on Count One declaring that the Unions must arbitrate their FLSA claims. The Unions moved to dismiss the complaint for, among other grounds, lack of subject matter jurisdiction and failure to state a claim. The district court denied Albertson's motion for partial summary judgment and granted the Unions' motion to dismiss with respect to Count One. The court then determined that "Count One predominates in terms of its importance to this litigation," found that under Federal Rule of Civil Procedure 54(b) there was no just reason for delay, and directed entry of final judgment. Albertson's appealed from the judgment.
 
 
 10
 The district court had subject matter jurisdiction pursuant to 29 U.S.C. § 185(a) and 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 DISCUSSION
 
 11
 The district court, feeling itself bound by the presumption in favor of arbitrability where the CBA contains a broad arbitration clause and finding no limiting provisions, proceeded on the assumption that the wage and hour claims asserted by the Unions were covered by the arbitration clauses. It then acknowledged that an inherent conflict exists between arbitration under the CBAs and the underlying purpose of the FLSA and concluded that public policy resolves that conflict in favor of permitting FLSA claims to be litigated without resort to arbitration. We agree with the result reached by the district court, but on somewhat different reasoning.[2]
 
 
 12
 The Supreme Court's decision in Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981), makes clear that the rights of employees arising out of the collective bargaining agreement are separate and distinct from those arising out of a statute such as the FLSA:
 
 
 13
 While courts should defer to an arbitral decision where the employee's claim is based on rights arising out of the collective-bargaining agreement, different considerations apply where the employee's claim is based on rights arising out of a statute designed to provide minimum substantive guarantees to individual workers.
 
 
 14
 Id. at 737, 101 S.Ct. 1437. The Court cited its prior decision in Alexander v. Gardner-Denver Co., 415 U.S. 36, 51, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), in which it had held that "in enacting Title VII, Congress had granted individual employees a nonwaivable, public law right to equal employment opportunities that was separate and distinct from the rights created through the 'majoritarian processes' of collective bargaining." Barrentine, 450 U.S. at 737-38, 101 S.Ct. 1437. The Court rejected the contention that because FLSA claims are based on disputes over wages and hours and thus "at the heart of the collective-bargaining process," they are "particularly well suited to resolution through collectively bargained grievance and arbitration procedures." Id. at 738, 101 S.Ct. 1437. It reasoned:
 
 
 15
 The statutory enforcement scheme grants individual employees broad access to the courts ... permit[ting] an aggrieved employee to bring his statutory wage and hour claim "in any Federal or State court of competent jurisdiction." No exhaustion requirement or other procedural barriers are set up, and no other forum for enforcement of statutory rights is referred to or created by the statute.
 
 
 16
 Id. at 740, 101 S.Ct. 1437. And it explained:
 
 
 17
 In submitting his grievance to arbitration, an employee seeks to vindicate his contractual right under a collective-bargaining agreement. By contrast, in filing a lawsuit under [the statute], an employee asserts independent statutory rights accorded by Congress. The distinctly separate nature of these contractual and statutory rights is not vitiated merely because both were violated as a result of the same factual occurrence. And certainly no inconsistency results from permitting both rights to be enforced in their respectively appropriate forums.
 
 
 18
 Id. at 745-46, 101 S.Ct. 1437 (alteration in original) (quoting Gardner-Denver, 415 U.S. at 49-50, 94 S.Ct. 1011 (internal quotation marks omitted)). That the grievance may have presented a claim under the CBA in addition to one under the FLSA, the Court observed, was thus irrelevant for even if it did, the employees would not be precluded from bringing their action in federal court. See id. at 731 n. 4, 101 S.Ct. 1437. So here, it is irrelevant whether the employees' claims may present an arbitrable dispute; they have an independent statutory right under the FLSA that they are entitled to pursue in court.
 
 
 19
 We followed Barrentine in Local 246 Utility Workers Union v. Southern California Edison Co., 83 F.3d 292 (9th Cir.1996), holding that the FLSA's "minimum wage and overtime provisions ... are guarantees to individual workers that may not be waived through collective bargaining." Id. at 297. Distinguishing the situation where the employees' claim was based on contract rather than on the FLSA, we said that where the claim is based on substantive rights under the FLSA, no resort to arbitration under the CBA is required. See id.
 
 
 20
 In Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), the Court confirmed the continuing vitality of the Barrentine /Gardner-Denver line of cases. Referring to Gardner-Denver, the Gilmer court "stressed that an employee's contractual rights under a collective-bargaining agreement are distinct from the employee's statutory Title VII rights." Id. at 34, 111 S.Ct. 1647. The Gilmer court distinguished the Gardner-Denver line of cases from the case before it, which involved an individual's employment agreement providing for arbitration of any "controversy between [the parties] ... arising out of the employment or termination," id. at 23, 111 S.Ct. 1647, by stating:
 
 
 21
 [T]hose cases did not involve the issue of the enforceability of an agreement to arbitrate statutory claims. Rather, they involved the quite different issue whether arbitration of contract-based claims precluded subsequent judicial resolution of statutory claims. Since the employees there had not agreed to arbitrate their statutory claims, ... the arbitration in those cases understandably was held not to preclude subsequent statutory actions.
 
 
 22
 Id. at 35, 111 S.Ct. 1647. In Livadas v. Bradshaw, 512 U.S. 107, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994), the Court elaborated on this distinction, saying:
 
 
 23
 Gilmer emphasized its basic consistency with our unanimous decision in Alexander v. Gardner-Denver Co. ... Gilmer distinguished Gardner-Denver as relying, inter alia, on: the "distinctly separate nature of ... contractual and statutory rights" (even when both were "violated as a result of the same factual occurrence"), the fact that a labor "arbitrator has authority to resolve only questions of contractual rights," and the concern that in collective bargaining arbitration, "the interests of the individual employee may be subordinated to the collective interests of all employees in the bargaining unit."
 
 
 24
 Id. at 127 n. 21, 114 S.Ct. 2068 (citations omitted).
 
 
 25
 Since the decision in Gilmer, other circuits, with only one exception, have held that an employee has the right to sue under the FLSA, as well as other statutes, without having to resort to the collectively bargained grievance-arbitration procedures. See Penny v. United Parcel Service, 128 F.3d 408, 413-14 (6th Cir.1997) (Americans with Disabilities Act (ADA)); Harrison v. Eddy Potash, Inc., 112 F.3d 1437, 1453-54 (10th Cir.1997) (Title VII), vacated on other grounds, --- U.S. ----, 118 S.Ct. 2364, 141 L.Ed.2d 732 (1998); Brisentine v. Stone & Webster Eng'g Corp., 117 F.3d 519, 526-27 (11th Cir.1997) (ADA); Pryner v. Tractor Supply Co., 109 F.3d 354, 364-65 (7th Cir.) (Title VII, ADA and Age Discrimination in Employment Act (ADEA)), cert. denied, --- U.S. ----, ----, 118 S.Ct. 294, 295, 139 L.Ed.2d 227 (1997); Varner v. National Super Markets, Inc., 94 F.3d 1209, 1213 (8th Cir.1996) (Title VII); Tran v. Tran, 54 F.3d 115, 117 (2d Cir.1995) (FLSA); see also Fujikawa v. Gushiken, 823 F.2d 1341, 1345 (9th Cir.1987) (ERISA); Zipf v. ATT, 799 F.2d 889, 893 n. 5 (3d Cir.1986) (ERISA). But see Austin v. Owens-Brockway Glass Container, Inc., 78 F.3d 875, 877 (4th Cir.1996) (mandating arbitration of employee's Title VII and ADA claims).
 
 
 26
 Albertson's reliance on our decision in Kuehner v. Dickinson & Co., 84 F.3d 316 (9th Cir.1996), is misplaced. Kuehner, like Gilmer, involved the enforceability of an arbitration clause in an individual employee's employment agreement providing for arbitration of "any dispute, claim or controversy that may arise between me and my firm ... that is required to be arbitrated under the rules, constitutions, or by-laws of the [NASD]." Id. at 318 (alteration in original). In affirming the district court's order staying the action of Kuehner's FLSA claim pending arbitration, we concluded that Congress had not restricted the enforceability of contracts to arbitrate FLSA claims. We followed Gilmer in holding that under the FAA the employee's individual agreement to arbitrate all disputes was enforceable with respect to disputes over claims covered by the FLSA. See id. at 320. As Gilmer makes clear, that decision does not bear on the right of employees covered by a collective bargaining agreement to litigate their FLSA claims.
 
 
 27
 In sum, we hold that employees covered by a collective bargaining agreement are entitled to take their FLSA claims to court regardless of whether those claims may also be covered by the grievance-arbitration procedure.
 
 
 28
 The judgment is AFFIRMED.
 
 
 
 *
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 [1]
 Count Two, also brought under § 301, alleges wrongful interference by the UFCW with the CBAs between Albertson's and the Locals. Count Three, brought under § 301, alleges that the UFCW persuaded the Locals to withhold employee complaints and to advise employees not to seek arbitration of their off-the-clock work complaints. Count Four alleges a state law claim for intentional interference with contract
 
 
 [2]
 We review the summary judgment de novo and may affirm on any ground supported by the record. See Orthopaedic Hosp. v. Belshe, 103 F.3d 1491, 1495 (9th Cir.1997) (reviewing grant of summary judgment de novo); Lewis v. Telephone Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir.1996) (reviewing dismissal for failure to state a claim de novo); Granite State Ins. Co. v. Smart Modular Techs., Inc., 76 F.3d 1023, 1026 (9th Cir.1996) ("We may affirm the district court's judgment on any ground supported by the record.")