188 F.3d 1124 (9th Cir. 1999)
 GARY COLLINS, DENNIS DOYLE; GARY GHIRARDUZZI; BRUCE HAMNER; DON MATTHEWS; JEFF MCLAUGHLIN; DAVE PHAY, PLAINTIFFS-APPELLANTS,
v.
DAVID LOBDELL, PERSONALLY AND HIS OFFICIAL CAPACITY AS ASSISTANT FIRE CHIEF, DEFENDANT,
AND SPOKANE VALLEY FIRE PROTECTION DISTRICT NO. 1, A PUBLIC EMPLOYER AND POLITICAL SUBDIVISION OF THE STATE OF WASHINGTON, DEFENDANT-APPELLEE.
 No. 98-35655
 U.S. Court of Appeals, Ninth Circuit
 Argued and Submitted July 14, 1999
August 24, 1999
 
 Kambra Mellergaard, Ellensburg, Washington, for the plaintiffs-appellants.
 Jeffrey A. Hollingsworth, Sarah H. Villanueva, Perkins Coie, Seattle, Washington, for the defendant-appellee.
 Appeal from the United States District Court for the Eastern District of Washington; Fred Van Sickle, District Judge, Presiding. D.C. No. CV-97-00232-FVS.
 Before: Edward Leavy, Stephen S. Trott, and Thomas G. Nelson, Circuit Judges.
 
 Trott, Circuit Judge
 OVERVIEW
 
 1
 A group of firefighters ("Appellants") employed by Spokane Valley Fire Protection District No. 1 (the "Fire District"), appeal a district court decision denying their motion for summary judgment and granting the Fire District's motion for summary judgment on Appellants' claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.SS 201-219. Appellants claim that the Fire District violated the FLSA by requiring them to use compensation time ("comp time") after they had accumulated a certain number of compensatory hours. We have jurisdiction pursuant to 28 U.S.C.S 1291. We hold that the FLSA does not prohibit employers from requiring use of comp time and therefore affirm.[1]
 
 BACKGROUND
 
 2
 Appellants are members of the International Association of Fire Fighters, Local 876 (the "Union") and are employed by the Fire District as firefighters. The Union negotiated a collective bargaining agreement ("CBA") with the Fire District. Under the CBA, firefighters who perform special projects for the Fire District outside of their normal hours of employment receive comp time in lieu of overtime pay.[2] However, the CBA capped the amount of comp time that an employee could accumulate at 144 hours, after which the Fire District was required to pay the employee time and a half for each overtime hour. Employees are able to schedule paid time off based on their comp hours by giving notice to the Fire District sixty-four hours in advance.
 
 
 3
 Appellants did not use their comp time, and their accumulated comp time began to approach the 144 hour cap. Because of budgetary restraints, rather than paying Appellants overtime, the Fire District told Appellants to use their comp time. Appellants did not need or want to use the comp time, but reluctantly complied with the order.
 
 
 4
 Pursuant to the "Grievance Procedure"[3] set out in the CBA, the Union filed a grievance with the Assistant Fire Chief, arguing that the Fire District lacked the authority to force Appellants to use comp time. The Assistant Fire Chief denied the grievance, stating that "the intent of [the CBA] was to ensure that employees were allowed an opportunity to use their earned comp time, and not to guarantee additional income." The Union then submitted its grievance to the Board of Fire Commissioners. However, the Union withdrew that grievance shortly thereafter when Appellants filed this cause of action because the Union believed that this lawsuit would supercede the grievance outcome.
 
 
 5
 Appellants claim that the Fire District violated the FLSA by requiring them to use accumulated comp time. The parties filed cross motions for summary judgment. The Fire District argued that the complaint should be dismissed because Appellants failed to exhausted their remedies under the CBA. The district court held that Appellants were not required to exhaust CBA remedies before bringing suit for violations of the FLSA, but held that the FLSA did not prohibit employers from requiring employees to use accumulated comp time. This appeal followed.
 
 DISCUSSION
 I. Exhaustion of Remedies
 
 6
 The Fire District argues that Appellants' claim is barred by their failure to exhaust remedies available under the CBA. Whether Appellants were required to exhaust remedies under the CBA prior to suing in federal court is a question of law reviewed de novo. See General Dynamics Corp. v. United States, 139 F.3d 1280, 1282 (9th Cir. 1998).
 
 
 7
 The rule for determining whether a plaintiff is required to exhaust remedies provided for in a collective bargaining agreement before bringing the claim in federal court is well established. If the claim is based on rights arising from the collective bargaining agreement, the plaintiff is required to exhaust remedies created by the agreement. Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 736-37 (1981); Wren v. Sletten Constr. Co., 654 F.2d 529, 535 (9th Cir. 1981). However, if the claim arises from statutory rights, the plaintiff is not required to exhaust agreement remedies, Barrentine, 450 U.S. at 737; Albertson's Inc. v. United Food and Commercial Workers Union, 157 F.3d 758, 761 (9th Cir. 1998), because statutory rights under the FLSA are "guarantees to individual workers that may not be waived through collective bargaining." Local 246 Util. Workers Union v. Southern Cal. Edison Co., 83 F.3d 292, 297 (9th Cir. 1996); see also Wright v. Universal Maritime Serv. Corp., 119 S. Ct. 391, 394 (1998). "Moreover,... congressionally granted FLSA rights take precedence over conflicting provisions in a collectively bargained compensation arrangement." Barrentine, 450 U.S. at 740-41. Consequently, exhaustion of remedies provided for in a collective bargaining agreement is not required even where a claim based on statutory rights also presents a claim under the agreement. Doyle v. Raley's Inc., 158 F.3d 1012, 1015 (9th Cir. 1998); Albertson's, 157 F.3d at 761. However, a claim couched as a statutory claim is still subject to exhaustion requirements if the claim is in reality "essentially on the contract." Wren, 654 F.2d at 535.
 
 
 8
 In this case, the district court correctly held that Appellants' claim is based on the FLSA and that Appellants are therefore not required to exhaust CBA remedies. The complaint clearly alleges violations of the FLSA. Indeed, Appellants do not even argue that the Fire District's actions violated the CBA. Instead, Appellants argue that, if the CBA allows the Fire District to compel use of comp time, then it violates the FLSA. Because Appellants' complaint is based on a violation of statutory rights provided by the FLSA, they were not required to exhaust CBA remedies prior to bringing their claim. See Local 246, 83 F.3d at 297 ("Because the employees' claim was confined to an interpretation of the Act and our decision rests on an interpretation of the Act, there is no requirement of exhaustion.").
 
 
 9
 We find unpersuasive the Fire District's argument that because comp time may only be paid in lieu of overtime pay pursuant to an agreement between the employer and the employees, see 29 U.S.C. S 207(o)(2) (1994), any dispute over comp time must necessarily be based on the CBA. Although employers and employees are free to negotiate and reach agreements concerning comp time, such agreements may not violate the FLSA. See 29 C.F.R.S 553.23(a)(2) (allowing employers and employees to agree on guidelines governing the preservation and use of comp time as long as the agreement does not violate the FLSA). Where employers and employees reach an agreement that expressly violates the FLSA or is silent on an issue and the employer takes action, which violates the FLSA, employees may still bring actions to protect rights provided for in the FLSA without exhausting remedies established in the agreement. See Barrentine, 450 U.S. at 740 (holding that individual rights under the FLSA may not be waived through agreement). Clearly, in such a case, the complaint is based on the FLSA and not the agreement. In this case, if Appellants are correct and the FLSA pro hibits employers from requiring employees to use comp time, the Fire District may not require Appellants to use comp time, even if the CBA expressly permitted such action. Appellants' claim is therefore clearly based on the FLSA and Appellants were not required to exhaust CBA remedies.
 
 
 10
 The Fire District argues also that the FLSA does not specifically state that employers cannot force employees to use comp time and therefore Appellants' claim must arise from the CBA. Although we ultimately agree that the FLSA does not prohibit employers from requiring employees to use comp time, that argument relates to the merits not to the basis of Appellants' claim. If, as the Fire District argues, the FLSA does not prohibit employers from forcing employees to use comp time, then Appellants' claim is without merit. That does not mean, however, that the claim arises under the CBA. As explained above, Appellants' complaint is based on the FLSA, and Appellants were therefore not required to exhaust CBA remedies.
 
 II. Use of Comp Time
 
 11
 Appellants argue that the district court erred in holding that the Fire District did not violate the FLSA by forcing them to use their comp time. A district court's interpretation of the FLSA is reviewed de novo. Berry v. County of Sonoma, 30 F.3d 1174, 1180 (9th Cir. 1994).
 
 
 12
 We have not previously addressed the issue of whether the FLSA prohibits an employer from compelling an employee to use comp time. This issue, however, has been addressed by the Fifth and Eighth Circuits -- with conflicting results. Compare Moreau v. Harris County, 158 F.3d 241, 246 (5th Cir. 1998), with Heaton v. Moore, 43 F.3d 1176, 1180 (8th Cir. 1994).
 
 
 13
 In Heaton, the Missouri Department of Corrections required employees who accrued over 180 hours of comp time to schedule use of the comp time or have comp time scheduled for them by the MDOC. 43 F.3d at 1179. The Eighth Circuit held that employers could not compel employees to use comp time. Id. at 1180. The Eighth Circuit reasoned that comp time is the property of the employee and may be used solely at the discretion of the employee. Id. Relying on S 207(o)(5), the Eighth Circuit held that the only right expressly granted to the employer under the FLSA is that of denying the use of comp time when it would unduly disrupt the employer's business. Id. The court noted the "maxim of statutory construction inclusio unius est exclusio alterius" -" `when a statute limits a thing to be done in a particular mode, it includes a negative of any other mode' " and held that employers could not compel use of comp time but could only restrict its use when it would unduly disrupt business. Id. (quoting Longview Fibre Co. v. Rasmussen, 980 F.2d 1307, 1312 (9th Cir. 1992)).
 
 
 14
 In Moreau, the Harris County Sheriff's Department required employees to keep their amount of accrued comp time below predetermined levels. 158 F.3d at 243. An employee who reached or exceeded the predetermined level was asked to reduce the number of comp time hours or the employee's supervisor would order the level reduced. Id. The Fifth Circuit held that employees do not have a property right in accrued comp time. Id. at 246. The court specifically rejected the Eighth Circuit's reasoning that because S 207(o)(5) provided that employers could deny the use of comp time only if it would unduly disrupt their business, the negative implication of the statutory grant was that employers had no control over employees' use of comp time. Id. at 246. Finally, the court noted that the statutory purpose of S 207(o) was to ease the burden on public employers of paying overtime wages. Id. at 245-46.
 
 
 15
 After reviewing the decisions of the Eight and Fifth Circuits, we agree with the Fifth Circuit's decision in Moreau. When interpreting statutes, we first look to the plain language of the statute. Jeffries v. Wood, 114 F.3d 1484, 1494 (9th Cir. 1997). The plain language of the FLSA does not specifically prohibit public employers from requiring employees to use comp time. Appellants point to S 207(o)(5), which provides that employees who have accrued comp time and request use of that time "shall be permitted by the employee's employer to use such time" and argue that the FLSA grants employees absolute discretion over the use of accrued comp time. We reject Plaintiff's argument that the positive implies the negative in this case. The fact that the FLSA allows employees to use comp time and requires the employer to allow use of comp time does not mean that employees have absolute discretion over the use of comp time. See Moreau, 158 F.3d at 246. There is no question that employees may choose to use comp time; the question is whether employers can require employees to use comp time absent the employees' choice, and the plain language of the FLSA does not address that issue.
 
 
 16
 Appellants do not argue that the Fire District prevented them from using comp time. Nor do they argue that the Fire District was scheduling comp time in such a way that it precluded employees from taking any comp time when they wanted. Indeed, in this case the Fire District was not preventing Appellants from using comp time, but was encouraging and ultimately ordering employees to use comp time. Such action does not violate the plain language of the FLSA.
 
 
 17
 If the meaning of the statute is unclear from the plain language, this court looks at the legislative history. Recording Indus. Ass'n v. Diamond Multimedia Sys. Inc., 180 F.3d 1072,1080 (9th Cir.1999). There is nothing in the legislative history that suggests that comp time was a property right or that employers would not be allowed to require employees to use accumulated comp time. Indeed, the legislative history strongly suggests that employers may require employees to use comp time. As Fire District correctly points out, Congress intended to provide states and municipalities with an alternative to paying overtime wages. In Garcia v. San Antonio Metro. Transit Auth., 469 U.S. 528, 555-56 (1985), the Supreme Court held that states and municipalities are not exempt from the minimum wage and overtime pay requirements of the FLSA. In response to this holding, Congress amended the FLSA and added the comp time provisions to ease the financial burden of complying with the FLSA on state and municipalities. S. Rep. No. 159, 99th Cong., 7 (1985), reprinted in 1985 U.S.C.C.A.N. 651, 655-56; See Austin v. City of Bisbee, Arizona, 855 F.2d 1429, 1435 (9th Cir. 1988) (noting Congress's concern over the financial hardship on states and localities from complying with the FLSA). Unlike private employers, public employers cannot pass the operating costs associated with overtime pay to consumers, and Congress therefore provided public employers with an alternative. If, as Appellants argue, employees could stockpile comp time and eventually force public employers to pay overtime, employees could remove that alternative and essentially nullify the amendment. See Local 889, Am. Fed. of State, County, and Mun. Employees v. Louisiana, 145 F.3d 280, 285 (5th Cir. 1998) ("The purpose of the 1985 amendment to the FLSA would be greatly impeded if employees were allowed to `bank' their compensatory time and force their public employers to pay cash overtime."). Because allowing employees to stockpile comp time would impede the purpose of the comp time provision, the district court correctly held that the FLSA did not prohibit employers from compelling employees to use comp time.
 
 
 18
 Appellants correctly point out that Congress attempted to strike a balance between the "employee's right to make use of comp time that has been earned and the employer's need for flexibility." 1985 U.S.C.C.A.N. at 659. Clearly, Congress wanted to protect employees' rights to use comp time and therefore limited the employer's ability to prohibit use of comp time to situations when use of comp time would "unduly disrupt the operations of the public agency."S 207(o)(5)(B). However, Congress did not intend to allow employees to upset the balance by stockpiling comp time and eliminating the employer's flexibility. Although employees have a right to use comp time when it would not unduly disrupt the public employers business, the FLSA does not give employees the right of absolute control over the use of comp time. Rather, the legislative history suggests that employers and employees are required to negotiate and reach agreements over the use and preservation of comp time. See 1985 U.S.C.C.A.N. at 659 ("The agreement or understanding may include provisions governing the preservation, use, or cashing out of comp time so long as those provisions do not conflict with [the FLSA]."); see also 29 C.F.R. S 553.23 (a)(2) ("The agreement or understanding may include other provisions governing the preservation, use, or cashing out of compensatory time so long as these provisions are consistent with section 7(o) of the Act.").
 
 
 19
 We do not suggest that the FLSA requires that public employers be allowed to force employees to use comp time. As explained above, both the legislative history and the interpretive regulations suggest that employers and employees should reach agreements concerning the use and preservation of comp time. See 1985 U.S.C.C.A.N. at 659; 29 C.F.R. S 553.23(a). We encourage public employers and employees to negotiate and reach agreements concerning the use and preservation of comp time.[4] We simply hold that the FLSA does not prohibit public employers from requiring employees to use comp time. Because the Fire District's actions did not violate the FLSA, the district court correctly granted the Fire District's motion for summary judgment on Appellants' claim.
 
 
 20
 AFFIRMED.
 
 
 
 NOTES:
 
 
 [1]
 Because we affirm the district court, we need not address Appellants' request for attorneys' fees and liquidated damages under 29 U.S.C. S 216.
 
 
 [2]
 The CBA specifically provides that: Shift employees who are required to perform tasks, attend meetings or perform other duties outside their regular shift hours shall receive one and one half hours of comp time off for each hour worked. If such employees have a total accumulation of more than 144 net hours of comp time at the end of any month, that is comp time for 96 hours called back, they will be paid their hourly wage rate for each comp hour in excess of 144 hours on the first pay day of the following month.
 
 
 [3]
 The Grievance Procedure provides: Grievances which may arise out of the application or interpretation of this agreement shall be settled in the following manner: (a) The Union Grievance Committee, upon receiving a written statement asserting a matter or situation claimed to constitute a grievance shall determine whether or not, in its opinion a grievance does exist. If, in the opinion of the committee, no grievance exists, no further action shall be taken. If, in the opinion of the committee, a grievance does exist, then the committee shall, with or without the employee or employees who asserted the grievance, present the grievance in writing to the Chief or Acting Chief for resolution. The claim of grievance shall specify the provision of this agreement or past practice, violation or application of which is claimed. If within ten days after being thus submitted, the grievance has not been resolved, the committee may submit the grievance to the Board of Fire Commissioners for resolution. If the grievance has not been resolved by the Fire Commissioners within twenty days of their receipt of the grievance, the committee may submit the grievance to arbitration within the next ten days or the grievance shall be waived.
 
 
 [4]
 We note that the agreement in this case does not specifically address the issue of whether the Fire District may compel Appellants to use comp time. There is evidence in the record that the comp time provision in the CBA was never intended to result in Appellants receiving overtime pay, and that it was assumed that Appellants would use comp time as they acquired it. Appellants have not argued that the Fire District's actions violated the CBA, and because Appellants failed to exhaust the remedies under the CBA, this court may not address that issue. Wren, 654 F.2d at 535.