**Doris ROWE, Plaintiff–Appellant,**

v.

**LAIDLAW TRANSIT, INC., a foreign corporation, Defendant–Appellee.**

**No. 00–35197.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2001

Filed April 4, 2001

Jacqueline L. Koch, Koch & Deering, Portland, Oregon, and J. Dana Pinney, Bailey, Pinney & Associates, Tualatin, Oregon, for the plaintiff-appellant.

Paul A. Barran, Barran, Liebman, LLP, Portland, Oregon, and Cheryl Hintz Middleton, ProACT Law Group, PLLC, Seattle, Washington, for the defendant-appellee.

Before: PREGERSON, THOMAS and RONALD M. GOULD, Circuit Judges.

THOMAS, Circuit Judge:

This appeal presents the question of how undesignated, but otherwise qualifying, unpaid leave is treated under the Family Medical Leave Act. We conclude that such leave is entitled to statutory protection and affirm the district court.

## I

Between 1984 and 1986, the Dorsey Bus Company employed Doris Rowe as an hourly bus driver. The Mayflower Bus Company acquired the Dorsey Bus Company in 1986. That year, Rowe became a driver trainer, although she was still paid on an hourly basis. Rowe claims that sometime in 1992, her supervisor told her to work overtime but not to record it on her signed timesheets; she allegedly was to receive compensatory time off in lieu of overtime wages. In 1993, Rowe was instructed not to work any overtime without prior management approval. Rowe alleges that she worked overtime during various periods between 1992 and 1995, but received neither compensatory time, nor wages.

In 1995, Laidlaw Transit, Inc. ("Laidlaw") acquired Mayflower Bus Company and promoted Rowe to a supervisor of driver development and safety. Her duties included supervising trainer helpers, interviewing applicants, offering employment, conducting drug screening, investigating bus accidents, mediating settlements when conflicts arose between drivers and consumers, conducting classroom safety instruction, maintaining confidential personnel files subject to governmental audit, and enforcing safety rules. Upon her promotion, Rowe was provided with a job description that described the position as "FLSA: EXEMPT." She and her supervisor discussed that she was now an "exempt" salaried employee. She was paid a set amount of compensation every two weeks. Her pay was not reduced or increased for quantity or quality of work. Her benefits were administered as a staff employee, rather than as an hourly bus driver.

A serious ankle injury in 1997 caused a change in her employment. After exhausting all of her sick leave and vacation, Rowe asked Laidlaw if she could return to work on a part-time schedule because her physician restricted her to no more than

five hours of work per day and limited her work activities. Laidlaw granted the request, and compensated her on an hourly basis while she worked a reduced schedule. Rowe did not request that her leave be designated as leave under the Family Medical Leave Act, and Laidlaw did not discuss designation of the leave with Rowe. When Rowe was able to work full time and perform all of her duties, Laidlaw began paying her based upon the salary arrangement under which she had been compensated prior to the injury.

In 1998, Rowe's supervisor discovered that Rowe had been certifying inaccurate driver exam information to the Oregon Department of Motor Vehicles. He discussed this problem with Rowe and called a staff meeting. Just prior to the meeting, Rowe resigned.

■ After she left Laidlaw, Rowe brought claims against the company for failure to pay overtime during two distinct periods: (1) during 1992–1995 when she was employed as a bus driver, and (2) at various times after 1995 when she was employed as a supervisor. The district court granted summary judgment as to the 1992–1995 claims because they were barred by the statute of limitations. After a trial on the remaining claims, the court entered judgment against Rowe, finding that she had been an exempt employee under the Fair Labor Standards Act during her employment as a supervisor. Rowe timely appealed. We review a district court's interpretation of the Fair Labor Standards Act *de novo*. *Collins v. Lobdell*, 188 F.3d 1124, 1128 (9th Cir.1999).

## II

■ Both the Fair Labor Standards Act ("FLSA" or "the Act") and the Oregon wage and hour statutes require that employers pay overtime compensation to employees who work more than forty in a work week. 29 U.S.C. § 207(a)(1); Or. Rev.Stat. § 653.261. Both FLSA and Oregon law exempt "bona fide executive, administrative, or professional" employees from coverage. 29 U.S.C. § 213(a)(1); Or.

Rev.Stat. § 653.020(3). To qualify for this exemption, an employee must satisfy both the "salary test" and the "duties test." *Serv. Employees Int'l Union, Local 102 v. County of San Diego*, 60 F.3d 1346, 1350 (9th Cir.1994).

Only the salary test is at issue in this case. The applicable federal regulation provides, in relevant part:

An employee will be considered to be paid "on a salary basis" ... if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to the exceptions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked.

29 C.F.R. § 541.118(a) (2000).

Although Rowe concedes that she was paid a predetermined amount of compensation on a weekly basis, she contends that the pro-rata reduction in her salary when she was working part-time demonstrates that she was truly paid on an hourly basis. Laidlaw counters that Rowe's salary was properly reduced pursuant to the Family Medical Leave Act ("FMLA"), which provides that if an employee is otherwise exempt, an employer's compliance with FMLA will not affect the employee's FLSA exempt status. 29 U.S.C. § 2612(c). Similarly, the implementing regulations provide in relevant part that:

providing unpaid FMLA-qualifying leave to [a qualified exempt] employee will not cause the employee to lose the FLSA exemption.... [T]he employer may make deductions from the employee's salary for any hours taken as intermittent or reduced FMLA leave within a workweek, without affecting the exempt status of the employee. The fact that an employer provides FMLA leave, whether paid or unpaid, and maintains records

required by this part regarding FMLA leave, will not be relevant to the determination whether an employee is exempt within the meaning of 29 CFR Part 541.

29 C.F.R. § 825.206(a) (2000).

Thus, the pivotal question on Rowe's claim for overtime compensation for hours worked as a supervisor is whether her reduced schedule while recovering from injury was FMLA-qualifying leave or an indicia of hourly compensation. Rowe claims that it was not FMLA-qualifying because Laidlaw did not designate it as FMLA leave prior to accepting her proposal for a reduced schedule. Laidlaw argues that a prior designation is not required.

▮ The district court correctly concluded that prior notice by the employer is not a prerequisite for a partial leave to be protected by the FMLA. Employers covered by the FMLA are required to grant medical leave to eligible employees when a serious health condition makes the employee unable to perform the functions of his or her job. 29 C.F.R. § 825.112(a)(4) (2000). The regulations further explain that:

> An employee is "unable to perform the functions of the position" where the health care provider finds that the employee is unable to work at all or is unable to perform any one of the essential functions of the employee's position within the meaning of the Americans with Disabilities Act [ ], 42 U.S.C. 12101 *et seq.*, and the regulations at 29 C.F.R. § 1630.2(n).

29 C.F.R. § 825.115 (2000).

As the district court correctly found, Rowe's injury qualified her for coverage under the FMLA. It is undisputed that her physician restricted her activities, including those that had been an essential part of her job. Indeed, she presented her request for temporary part-time duty on this basis. Thus, her reduced schedule qualified as FMLA leave.

The fact that Laidlaw did not formally designate the leave as FMLA-qualifying does not alter this conclusion. Under the regulations, if an employer fails to notify the employee that *paid* leave is FMLA-qualifying, the employee still receives FMLA protection for the leave. 29 C.F.R. § 825.208(c) (2000). Although unpaid leave is not addressed specifically in the regulation, there is no principled reason for distinguishing between paid and unpaid leave in this respect. Indeed, a contrary holding would frustrate the purposes of the FMLA to protect employees from adverse employment decisions based on the employee's serious health condition involving continuing treatment. It would also unfairly punish employers for accommodating the employee's work restrictions while the employee recovered.

The question of notice arises under the FMLA in a different context. Under the FMLA, a qualifying employee is entitled to twelve weeks of FMLA leave annually. Under the current regulations, if leave is not designated as FMLA leave, it does not count against the employee's twelve-week FMLA entitlement. 29 C.F.R. § 825.700 (2000). An employer cannot, with two exceptions that are not relevant to this case, retroactively designate leave as FMLA leave. 29 C.F.R. § 825.208(c), (e). Further, if an employee does not timely provide the employer with notice of an FMLA-qualifying reason for the leave, the leave may be denied, 29 C.F.R. § 825.208(a)(1), or "the employee may not subsequently assert FMLA protections for the absence," 29 C.F.R. § 825.208(e)(1). However, as we have previously noted, if the employer fails to notify the employee that the paid leave is FMLA-qualifying after the employee has provided an FMLA-qualifying reason, the employee receives the protection of the FMLA. 29 C.F.R. § 825.208(c). In such cases, the leave does not count against the employee's twelve-week FMLA entitlement. *Id.*

▮ Construing the law and applicable regulations as a whole, we conclude that FMLA-qualifying unpaid leave is entitled to FMLA protection in the same fashion as paid leave, that is, regardless of

notification by employer or employee. Thus, Rowe's unpaid leave, granted in the form of a reduced schedule, qualified as FMLA leave, and under the FMLA, providing unpaid FMLA-qualifying leave does not effect an employee's exempt status.[1] *See* 29 U.S.C. § 2612(c). Therefore, Laidlaw is entitled to the protection of the FLSA.

For these reasons, the district court properly concluded that Rowe was an exempt employee under the FLSA and not eligible for overtime compensation.

## III

■ The district court also correctly concluded that the statute of limitations barred Rowe's state law claims for overtime compensation when she was employed as an hourly employee. Under Oregon law, the statute of limitations for overtime compensation claims is two years. Or.Rev.Stat. § 12.110(3). Because Rowe ceased her hourly employment in 1995, her claims are precluded by the statute of limitations.

■ Rowe argues that she is not seeking overtime pay as such. Rather, she contends that she seeks regular contractual compensation for the time she worked, but for which she was not paid. However, under Oregon regulations, pay for hours in excess of forty hours a week is categorically considered overtime. Or. Admin. R. 839–020–0030(1). Contracts for overtime wages are specifically excluded from Oregon's six-year statute of limitations for other contractual claims. Or.Rev. Stat. §§ 12.080, 12.110. Thus, the district court properly concluded that Rowe's claims were, in fact, claims for overtime compensation and subject to the two-year statute of limitations.

## IV

In sum, the district court correctly granted summary judgment on all claims.

**AFFIRMED.**

---

1. Assuming *arguendo* that, as Rowe claims, Laidlaw failed to keep records required by the FMLA, that fact does not effect the status of the unpaid leave as FMLA-qualifying or Rowe's status as an exempt employee.