Lino PAUL, Plaintiff—Appellant,

v.

WINCO FOODS, INC., Bill Long, Roger Cochell, Kathy Schorzman, and Lorraine Beeson, Defendants—Appellees.

No. 04–35598.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2005.

Filed Dec. 7, 2005.

Jeffrey T. Johnson, Esq., Amanda K. Brailsford, Esq., Holland & Hart, Denver, CO, Brian Mumaugh, Esq., Holland & Hart, Greenwood Village, CO, M. Michael Sasser, Esq., Hamlin and Sasser, P.A., Boise, ID, for Defendants–Appellees.

Before REINHARDT, W. FLETCHER, and BYBEE, Circuit Judges.

MEMORANDUM *

Lino Paul appeals the district court's order dismissing counts five (state common law claim), six through eleven and fourteen (RICO claims), and sixteen (section 1981 claim) of his amended complaint. We reverse the district court's dismissal of these claims and remand for further proceedings.

■ Paul's state common law claim is not preempted. Count five of the amended complaint arises from the alleged breach of fiduciary duties under the Labor–Management Reporting and Disclosure Act (LMRDA), which contains an express non-preemption clause. *See* 29 U.S.C. § 523(a).

With respect to Paul's RICO claims, the district court failed to consider the predicate acts that are alleged to be subject to Title 29 U.S.C. section 186. The amended complaint alleges that the appellees engaged in a pattern of predicate RICO offenses under that section, and that Paul suffered injury as a result.

Amanda K. Schwarzkopt, Boise, ID, for Plaintiff–Appellant.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

With respect to Paul's section 1981 claim, the district judge adopted the magistrate judge's report and recommendation and found that Paul had *individually* "bargain[ed] away" his right to sue in federal court to enforce his civil rights. This was incorrect; the arbitration clause was part of the union's collective bargaining agreement. Arbitration clauses in collective bargaining agreements cannot waive a union member's right to litigate a discrimination claim in federal court. *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 60 n. 21, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974) ("Congress ... thought it necessary to provide a judicial forum for the ultimate resolution of discriminatory employment claims. It is the duty of courts to assure the full availability of this forum."). Nor can the collective bargaining agreement require Paul to exhaust his remedies in arbitration before pursuing his claim in court. *Collins v. Lobdell*, 188 F.3d 1124 (9th Cir.1999); *Albertson's, Inc. v. United Food & Commercial Workers Union*, 157 F.3d 758 (9th Cir.1998). The district court also erred when it found that Paul had not sufficiently pled a section 1981 violation. We therefore reverse the dismissal of Paul's section 1981 claim.

Accordingly, the district court's order dismissing counts five through eleven, fourteen, and sixteen in Paul's amended complaint is **REVERSED** and **REMANDED**.