**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM J. WHITSITT,

Plaintiff - Appellant,

v.

GEORGE LYTLE, Badge #761; et al.,

Defendants - Appellees.

No. 09-17875

D.C. No. 3:08-cv-01802-JL

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
James Larson, Magistrate Judge, Presiding[**]

Submitted October 25, 2011[***]

Before:    TROTT, GOULD, and RAWLINSON, Circuit Judges.

William J. Whitsitt appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging constitutional claims arising from

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

a traffic stop.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo. *Albertson's, Inc. v. United Food & Commercial Workers Union*, 157 F.3d 758, 760 n.2 (9th Cir. 1998).  We may affirm on any ground supported by the record. *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008).  We affirm.

The district court properly granted summary judgment on the Fourth Amendment claims concerning the traffic stop because Whitsitt failed to raise a genuine dispute of material fact as to whether defendants had reasonable suspicion to justify the stop.  *See United States v. Hartz*, 458 F.3d 1011, 1017 (9th Cir. 2006) ("A police-initiated traffic stop is reasonable under the Fourth Amendment if the police stop the vehicle because of a 'reasonable suspicion' that the vehicle's occupants have broken a law." (citation omitted)).

Contrary to Whitsitt's contention, the magistrate judge had authority to enter summary judgment because the parties consented to his authority to hear the case and enter judgment.  *See* 28 U.S.C. § 636(c)(3).

For the reasons set forth in our memorandum disposition in Appeal No. 08-17516, the Fourth Amendment claims concerning Whitsitt's arrest and the impoundment of Whitsitt's vehicle were properly dismissed.

We are not persuaded by Whitsitt's remaining contentions, including the contentions that the cross-jurisdictional agreement was invalid, and that an invalid

agreement would establish a Fourth Amendment violation. *See Virginia v. Moore*, 553 U.S. 164, 172 (2008) (traffic stop did not violate the Fourth Amendment even though it violated local law).

Whitsitt's motion to file a supplemental brief is granted. The clerk shall file the supplemental brief received on December 27, 2010.

**AFFIRMED.**