DENNIS, Circuit Judge,
concurring in part and dissenting in part.
In my opinion neither the plaintiffs nor the defendants have demonstrated that they are entitled to judgment as a matter of law on the present record. Accordingly, I agree that the district court’s judgment must be reversed. I disagree, however, with the majority’s decision to grant summary judgment for the county at the appellate level. The majority incorrectly applies its own common law type “default rule” rather than following the Secretary’s authoritative interpretation of the FLSA. Consequently, the majority erroneously fails to remand the case to the *248 district court for trial or other proceedings as is required by the correct legal principles.
The FLSA does not directly address the precise question at issue in this case, viz., whether a public agency may, absent an employee’s request or agreement, unilaterally compel the employee to use accrued compensatory time off rather than receiving cash compensation for the accrued compensatory time off in accordance with § 207(o)(3)(B). Because the statute is silent or ambiguous with respect to the specific issue, the questions for this court are whether the administrative agency has addressed the issue, and, if so, whether the agency’s answer is based on a permissible construction of the statute. Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); see also Auer v. Robbins, 519 U.S. 452, 117 S.Ct. 905, 909, 137 L.Ed.2d 79 (1997) (quoting Chevron, 467 U.S. at 842-843, 104 S.Ct. 2778). A court does not simply impose its own construction on the statute when an administrative interpretation based on a permissible construction of the statute exists. Chevron, U.S.A., Inc., 467 U.S. at 843, 104 S.Ct. 2778; Fort Hood Barbers Assn. v. Herman, 137 F.3d 302, 307 (5th Cir.1998) (Summary Calendar).
The deference owed by this court to administrative regulations issued to interpret and implement a federal statute depends on whether the regulation is “legislative” or “interpretative.” Fort Hood Barbers Assn., 137 F.3d at 307; Snap-Drape, Inc. v. Comm’r, 98 F.3d 194, 197 (5th Cir.1996); Dresser Industries, Inc. v. Comm’r, 911 F.2d 1128 (5th Cir.1990) (internal citations omitted). If legislative, that is “issued under a specific grant of authority to prescribe a method of executing a statutory provision,” the regulation is controlling unless it is “arbitrary, capricious, or manifestly contrary to the statute.” Snap-Drape, Inc., 98 F.3d at 197-98 (internal citations omitted); see also Chevron, U.S.A., Inc., 467 U.S. at 843, 104 S.Ct. 2778. An “interpretative” regulation is one promulgated pursuant to a “general grant of authority to prescribe regulations.” Interpretative regulations are accorded less deference, but are valid if they are “reasonable and ‘harmonize[ ] with the plain language of the statute, its origin, and purpose.’” Fort Hood Barbers Assn., 137 F.3d at 307 (quoting Snap-Drape, Inc., 98 F.3d at 197).
' The FLSA is administered and enforced by the Secretary of Labor. 29 U.S.C. § 205; Skidmore v. Swift & Co., 323 U.S. 134, 137, 65 S.Ct. 161, 89 L.Ed. 124 (1944); Condo v. Sysco Corp., 1 F.3d 599, 604 (7th Cir.1993); 1 Rothstein, et al., Employment Law § 4.10 pp. 368-69 (1994). The 1984 amendments to the FLSA expressly authorize the Secretary to promulgate regulations as are necessary to implement the amendments. 99 Stat. 787, § 6, 29 U.S.C. § 203 (note). Pursuant to this authorization, the Secretary has promulgated regulations interpreting and applying pertinent provisions of the FLSA regarding compensatory time off. See 29 C.F.R. § 553.2(b), §§ 553.20-553.28. I believe the Secretary’s regulations by clear implication address the issue in the present case.
The regulations reiterate that in compensating employees for overtime work, a public agency may not substitute compensatory time off for overtime cash pay unless there was an agreement or understanding to do so between the employer and the employee (or the employee’s representative) prior to the performance of the work. § 553.23(a)(1). With respect to employees not covered by a bargaining or representative’s agreement, but hired before April 15, 1986, the regular practice in effect on that date constitutes an agreement which satisfies the statute. Id. Further, a notice to an unrepresented individual employee that compensatory time will be awarded in lieu of overtime pay can evidence an agreement as required by the FLSA. § 553.23(c)(1). Although an agreement as required by the statute is presumed to exist if such notice is given with respect to any employee who does not communicate his unwillingness to accept compensatory time rather than overtime pay to his employer, the employee’s decision to accept compensatory time “must be made freely and without coercion or pressure.” Id. Finally, the agreement may take the form of an express condition of employment, if the employee knowingly and voluntarily agrees to it as a condition of employment and is informed that *249 the compensatory time received may be preserved, used, or cashed out consistent with the provisions of section 7(o) of the Act. Id.
The agreement may include provisions restricting compensatory time off to certain hours of work only. § 553.23(a)(2). Provisions governing the preservation, use, or cashing out of compensatory time also may be included; however, to the extent that any provision of an agreement is in violation of section 7(o), it is superseded by the requirements of section 7(o). Id.
The employer may discharge its obligation to honor accrued compensatory time earned after April 14, 1986, at any time by paying for it the regular rate earned by the employee at the time the employee receives payment. § 553.27(a). Upon termination of employment, the employer must pay the employee for unused compensatory time earned after April 14, 1986, at a rate of compensation not less than the average regular rate received by such employee during the last 3 years of the employee’s employment, or the final regular rate received by such employee, whichever is higher. § 553.27(b).
Compensatory time cannot be used to avoid statutory overtime compensation. § 553.25(b). “An employee has the right to use the compensatory time earned and must not be coerced to accept more compensatory time than an employer can realistically and in good faith expect to be able to grant within a reasonable time of the employee’s request for use of such time.” Id.
If an employee has accrued compensatory time and requests use of this compensatory time, the employer must permit the use of such time off within a “reasonable period” after the employee’s request as long as such use will not “unduly disrupt” the operations of the agency. § 553.25(a). A “reasonable period” will be determined by considering the customary work practices within the agency based on the circumstances, including the normal schedule of work, anticipated peak workloads based on past experience, emergency requirements for staff and services, and the availability of qualified substitute staff. § 553.25(c)(1). If applicable provisions are included within the agreement or understanding between the employer and employee, they will govern the meaning of “reasonable period.” § 553.25(c)(2). An “unduly disruptive” use of accrued compensatory time off is one which the agency reasonably and in good faith anticipates “would impose an unreasonable burden on the agency’s ability to provide services of acceptable quality and quantity for the public.” § 553.25(d).
The Secretary’s approach rejects the wooden proposition that the FLSA grants control over the use of accrued compensatory time either exclusively to the employee or to the employer independently for its own unilateral purposes. Rather, it requires an agreement and understanding between the employer and the employee prior to the performance of the work to initiate compensation with, and accrual of, compensatory time off. As part of this agreement, the Secretary’s construction also permits the employer and the employee to include other provisions governing the preservation, use, or cashing out of compensatory time so long as they are consistent with section 7(o) of the FLSA. These regulations indicate that the Secretary did not interpret the FLSA to allow an employer to require an employee involuntarily to use accrued compensatory time off in the absence of a lawful agreement providing such authorization.
In deciding whether the Secretary’s approach qualifies as a permissible construction of the FLSA, it is not necessary to decide whether the Secretary’s regulations issued pursuant to authority granted by the 1985 amendments are legislative or interpretative. Even if the regulations are properly classified as interpretative, they clearly are reasonable and in harmony with the language of the statute, its origin, and purpose. In enacting the 1985 amendments to the FLSA, Congress clearly sought to balance the needs and interests of both public employees and employers subject to the FLSA. The Secretary’s approach accomplishes this Congressional directive by requiring employers desiring authorization to order employees to use accrued compensatory time whenever the employer deems such consumption appropriate to include applicable provisions, consis *250 tent with the statute, in their agreements made with the employee.
With respect to employee requests for use of accrued compensatory time, the regulations specifically authorize the employer and employee in their agreement or understanding to state terms and conditions governing the meaning of “reasonable period.” In addition, the Secretary sets forth a non-exclusive list of underlying considerations for use in determining the “reasonable period” within which a compensatory time off request must be granted and whether doing so would be “unduly disruptive” in a particular case. These regulations lead naturally and logically to the inference that the factors for evaluating the reasonableness and legality of any consensual limitations upon the employee’s right to use and preserve compensatory time earned should be similar to those suggested for determining or defining a “reasonable period” within which an employer must grant a compensatory time off request, a use of compensatory time off that is “unduly disruptive” to the employer’s operations, and a “realistic” and “good faith” utilization of compensatory time off in lieu of overtime cash pay by an employer.
Applying the provisions of the statute and the regulations to the present case, it is apparent that neither the plaintiffs nor the defendants have demonstrated that they are entitled to judgment as a matter of law under the FLSA as interpreted by the Secretary. Moreover, we should take notice that agreements between the County and each individual employee incorporating the County’s regulations providing for compensatory time in lieu of monetary overtime compensation apparently exist. See Moreau v. Klevenhagen, 508 U.S. 22, 29, 113 S.Ct. 1905, 123 L.Ed.2d 584 (1993). The record before us, however, is not sufficiently complete to afford an adequate basis for determining whether provisions governing the preservation, use, or cashing out of compensatory time are included within these agreements, by incorporation or otherwise; or if so, whether these other provisions are consistent with or in violation of section 7(o) of the Act. If no controlling agreement exists, the district court should consider retaining jurisdiction while permitting the parties to enter such agreements. A court of appeal may vacate, set aside, or reverse a district court’s judgment and may remand the cause and require such further proceedings to be had as may be just under the circumstances. 28 U.S.C. § 2106. See Youngstown Sheet and Tube Co. v. Lucey Products Co., 403 F.2d 135, 139-41 (5th Cir.1968) (Remanded to allow submission of proof to insure that substantial justice be done). See also Hormel v. Helvering, 312 U.S. 552, 557, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941) (“Orderly rules of procedure do not require sacrifice of the rules of fundamental justice.”). Accordingly, under these authorities and the summary judgment rules, I would vacate the district court’s judgment and remand the case to it for further proceedings including a trial or the taking of additional evidence necessary to an informed decision of these questions.
Harris County argues that the FLSA authorizes public agencies to unilaterally force employees to reduce periodically their accrued compensatory time by taking off regular work days to prevent employees from demanding monetary compensation for any overtime hours worked after the statutory máximums are reached or cashing in large amounts of compensatory time upon their retirement or termination. The FLSA does not expressly give public agencies this right. The County, however, contends that because it has the right under § 207(o)(3)(B), at any time, to reduce or eliminate an employee’s accrued compensatory time, by paying the employee for that time at the employee’s current regular rate of pay, the statute clearly implies that it may also reduce it by requiring an employee to use accrued compensatory time involuntarily (i.e., by not working hours for which the employee is compensated at the employee’s regular rate. § 207(o)(7)). The majority embraces and rearticulates the County’s argument as follows:
The statute recognizing public employers’ ability to pay down accrued comp time, 29 U.S.C. § 207(o)(3)(B), equally reflects Congressional intent to permit employers to control the accrual of co'mp time.
Maj.Op. p. 245 (footnote omitted).
In addition to not being persuasive, this approach fails to give proper deference to the *251 Secretary’s interpretation of the statute. The provision relied upon, § 207(o)(3)(B), provides: “If compensation is paid to an employee for accrued compensatory time off, such compensation shall be paid at the regular rate earned by the employee at the time the employee receives such payment.” Although an agency can reduce an employee’s acciued compensatory time by paying for that time in cash, it does not necessarily follow that an employer can unilaterally require an employee to reduce accrued compensatory time by taking time off at regular pay.
Recognizing the unique fiscal burden that compliance with the FLSA would present to public agencies, the 1985 amendments to the FLSA permit only public agencies to compensate employees for overtime with compensatory time instead of cash payments. Congress did not intend, however, to allow public agencies to indefinitely replace monetary overtime compensation with compensatory time, undoubtedly an inferior substitute for cash. The statute clearly requires that any employee who has accrued 480 or 240 hours, as the case may be according to the category of employment, of compensatory time be paid overtime compensation in cash for additional overtime hours of work. § 207(o)(3)(A). If Congress had intended to allow employers to permanently avoid the, obligation of providing monetary compensation for overtime hours, it would not have imposed these statutory máximums on the amount of compensatory time the employer may award. The provision allowing employers to reduce the amount of accrued compensatory hours by paying monetary compensation does not reflect an intent to allow employers to unilaterally force employees to consume accrued compensatory time without any concession to the employees’ desires; instead, it simply provides employers with the option to decrease compensatory time balances by paying cash — the usual and superior form of overtime compensation.
Moreover, the FLSA expressly provides that an employee of a public agency who has accrued compensatory time off and has requested the use of such compensatory time shall be permitted by the agency to use such time within a reasonable period after making the request if the use of the compensatory time does not unduly disrupt the operations of the agency. § 207(o)(5). Accordingly, even if an agency can on its own initiative redeem compensatory time commitments for cash (the preferred form of compensation) at the employee’s current regular rate of pay, it simply does not follow that an agency can also unilaterally make the employee’s compensatory time an even less desirable substitute for cash overtime pay by depriving the employee of the choice of when and how to use it, but instead dictating the manner of its usage without regard to the desires or convenience of the employee.
Construing the statute in accordance with the Secretary’s regulations does not deprive employers of all control of employee compensatory time balances. Employers may enter into an agreement with employees (or their representatives) concerning the preservation, use, and cashing out of compensatory time provided that these such agreements are consistent with section 7(o) of the FLSA. In addition, the regulations specifically allow employers to reduce these balances by paying cash for the accrued compensatory hours. Finally, as the Eighth Circuit noted in Heaton v. Moore, 43 F.3d 1176, 1181 (8th Cir.1994), employers can always schedule less overtime or hire additional workers to decrease the rate of accrual of compensatory time.