

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

March 1, 2000

Ms. Karen F. Hale
Commissioner
Texas Department of Mental Health
 and Mental Retardation
909 West 45th Street
Austin, Texas 78711-2668

Opinion No. JC-0188

Re: Whether a state agency may require an employee to exhaust compensatory leave before receiving workers' compensation benefits (RQ-0119-JC)

Dear Commissioner Hale:

You ask whether state agencies have the authority to require an employee to exhaust accumulated compensatory leave before receiving weekly income benefits under the workers' compensation provisions of Texas law. We conclude that state agencies may not require employees to exhaust their compensatory leave before receiving weekly income benefits under the workers' compensation law. If state agencies lack such authority, you ask whether state agencies may prohibit an employee from using compensatory leave while drawing weekly income benefits under the workers' compensation law. We conclude that state agencies lack authority to prohibit their employees from using compensatory leave while receiving weekly income benefits under the workers' compensation law.

A state employee who receives a compensable injury is entitled to the compensation provided by chapter 501 of the Labor Code, which may include temporary income benefits paid on a weekly basis as compensation for lost wages. *See* TEX. LAB. CODE ANN. § 501.021 (Vernon 1996); *see id.* §§ 408.081, .101-.105 (Vernon 1996 & Supp. 2000); *see also id.* § 501.002(a)(6) (Vernon Supp. 2000) (incorporating provisions of chapter 408 of the Labor Code into chapter 501, with certain exceptions). If the employee's disability continues for longer than one week, weekly income benefits begin to accrue on the eighth day after the injury, or, if the disability does not begin at once after the injury, on the eighth day after it does begin. *See id.* § 408.082 (Vernon 1996). As a general rule, income benefits are paid weekly as and when they accrue without an order from the Workers' Compensation Commission, *see id.* § 408.081 (Vernon Supp. 2000), until the employee has attained maximum medical improvement. *Id.* §§ 408.081, .101. The usual temporary income benefit equals seventy percent of the employee's average weekly wage, subject to limits set out in sections 408.061 and 408.062 of the Labor Code. *See id.* § 408.126; *see also* Tex. Att'y Gen. Op. No. JC-0040 (1999) at 2.

An employee who takes compensatory leave while receiving workers' compensation benefits will ordinarily receive 170 percent of his usual salary. *See* Letter from Ms. Karen Hale,

Commissioner, Texas Department of Mental Health and Mental Retardation, to Honorable John Cornyn, Attorney General of Texas, at 1 (Sept. 30, 1999). You suggest that the employee's receipt of this amount "acts as a disincentive to return to work as quickly as possible following a work-related illness or injury." *Id.* You ask whether state agencies may require an employee to exhaust accumulated compensatory leave before receiving weekly income benefits under the workers' compensation law. *See id.*

Compensatory leave, also known as compensatory time, is paid leave time received by a state employee as compensation for overtime work. For example, section 662.007 of the Government Code provides that a state employee who is required to work on a national or state holiday is entitled to compensatory time off during the next twelve months. *See* TEX. GOV'T CODE ANN. § 662.007(a) (Vernon Supp. 2000). The employee must give reasonable notice of his or her intention to use the compensatory time but is not required to say how it will be used. *See id.* § 662.007(b). Other provisions apply to specific agencies. *See id.* § 411.016(e) (Vernon 1998) (if appropriated funds are inadequate for supplemental pay for certain Department of Public Safety officers, director may provide compensatory time); § 443.0054 (Vernon Supp. 2000) (compensatory time for employees of State Preservation Board who are not subject to overtime provisions of Fair Labor Standards Act of 1938).

The general provisions governing overtime and compensatory time for state employees, formerly found in the biennial Appropriations Act, are now codified as subchapter B, chapter 659 of the Government Code. *See* Act of May 11, 1999, 76th Leg., R.S., ch. 279, §§ 12, 27, 1999 Tex. Gen. Laws 1147, 1150-53, 1168. Section 659.016 applies to state employees who are not subject to the Fair Labor Standards Act ("FLSA") and are not legislative employees. *See* TEX. GOV'T CODE ANN. § 659.017 (Vernon Supp. 2000) (overtime compensation for legislative employees). As a rule, employees accrue compensatory time at the rate of one hour for each hour worked in excess of forty hours a week. *See id.* § 659.016(b); *see also id.* § 659.016(c), (d), (h) (exceptions for employee exempt as executive, professional, or administrative employee under 29 U.S.C. § 213(a)(1) (1994 & Supps. II & III) and for staff member, appointee, or immediate adviser of an elected officeholder). An employee covered by section 659.016 may not be paid for any unused compensatory time. *See id.* § 659.016(f).

Section 659.015 of the Government Code applies "only to a state employee who is subject to the overtime provisions of the federal Fair Labor Standards Act of 1938," and who is not an employee of the legislature or of a legislative agency. *Id.* § 659.015(a); *see also* 29 U.S.C. § 207(o) (1994 & Supps. I, II & III) (provision of FLSA on compensatory time for public employees).[1] *See*

---

[1] The United States Supreme Court has held that the provision of the Fair Labor Standards Act purporting to authorize private actions against states in state courts without their consent is an unconstitutional abrogation of state sovereign immunity. *See Alden v. Maine,* 119 S. Ct. 2240, 2246 (1999) (action by state probation officers against state for violation of overtime provisions of Fair Labor Standards Act). *See also Seminole Tribe of Fla. v. Florida,* 517 U.S. 44 (1996) (Congress lacks power under Article I of the United States Constitution to abrogate the states' sovereign immunity in federal court).

*generally* Tex. Att'y Gen. Op. Nos. JM-680 (1987); JM-491 (1986); JM-475 (1986) (application of FLSA overtime and compensatory time rules to state employees). Employees subject to the overtime provisions of the Fair Labor Standards Act are entitled to compensation for overtime as provided by federal law and by section 659.015. *See* TEX. GOV'T CODE ANN. § 659.015(b) (Vernon Supp. 2000). If an employee within section 659.015 is required to work hours in excess of forty hours in a workweek, he or she is entitled to compensation for the excess hours either by "the agency allowing or requiring the employee to take compensatory time off at the rate of 1½ hours for each hour of overtime," or, "at the discretion of the employing agency, in cases in which granting compensatory time off is impractical," by the employee receiving overtime pay at the rate of one and one-half times the employee's regular rate of pay. *Id.* § 659.015(c). Employees, with certain exceptions, may accumulate no more than 240 hours of overtime credit that may be taken as compensatory leave. *See id.* § 659.015(e). A different rate of compensatory time applies if the employee does not work more than forty hours in the workweek but the hours worked plus paid leave taken exceed forty hours in the workweek. In this case, the employee is entitled to an hour of compensatory leave for each excess hour. *See id.* § 659.015(f). This compensatory time will lapse unless it is used during the twelve-month period after the week in which it was earned. *See id.* § 659.015(g).

Section 659.022 of the Government Code provides that a state employee whose compensatory time is subject to lapsing may submit to the employing agency a written request for permission to use the time, and the state agency shall (1) approve the employee's request; or (2) provide the employee with an alternative date on which he or she may use the compensatory time. *See id.* § 659.022. Finally, "[a] state agency shall accommodate to the extent practicable an employee's request to use accrued compensatory time." *Id.* § 659.023(b). In summary, compensatory time is compensation earned by a state employee for overtime work in lieu of payment in money. The employee is entitled to use his or her accrued compensatory leave, subject to statutory limits on the amounts that may be accrued and the time period during which the leave may be used.

We find no authority for a state agency to require an employee to exhaust accumulated compensatory leave before receiving weekly income benefits under the workers' compensation law. Section 408.082 of the Labor Code sets the time at which weekly income benefits begin to accrue – on the eighth day after the injury, or, if the disability does not begin at once after the injury, on the eighth day after it does begin. *See* TEX. LAB. CODE ANN. § 408.082 (Vernon 1996). The legislature has enacted exceptions to section 408.082 of the Labor Code that allow postponement of the time at which income benefits accrue. If a state employee chooses to use sick leave before receiving income benefits, section 501.044 of the Labor Code postpones the employee's entitlement to income benefits until he or she has exhausted the accrued sick leave. *See id.* § 501.044(a) (Vernon Supp. 2000). If the employee chooses to use all or any number of weeks of accrued annual leave after exhausting his or her sick leave, the entitlement to income benefits will be further postponed until the elected number of weeks of sick leave have been exhausted. *See id.* § 501.044(b); *see also id.* §§ 502.041, 503.041 (Vernon 1996) (institutions of Texas A&M University System and University of Texas System may provide that an injured employee may remain on the payroll until the

employee's annual and sick leave is exhausted, during which time workers' compensation benefits do not accrue or become payable). No statute, however, provides that the accrual of weekly income benefits may be delayed until the injured employee has exhausted his or her compensatory leave. If the legislature wishes state employees to exhaust accumulated compensatory leave before receiving weekly income benefits under the workers' compensation provisions, it may enact a provision expressing this intent.

Any state statute affecting compensatory time earned under the FLSA must be consistent with the federal law. The United States Supreme Court has granted a petition for writ of certiorari to decide whether a public agency governed by the compensatory time provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. § 207(o) (1994 & Supps. I, II & III), may, absent a preexisting agreement, require its employees to use accrued compensatory time. *Christensen v. Harris County*, 120 S. Ct. 320 (1999). The Fifth Circuit of the United States Court of Appeals has concluded that the Fair Labor Standards Act is not violated by a state or county policy requiring public employees to use their accrued compensatory time. *Moreau v. Harris County*, 158 F.3d 241, 246 (5th Cir. 1998), *cert. granted sub nom. Christensen v. Harris County*, 120 S. Ct. 320 (1999) (county policy required employees of sheriff's department to use compensatory time when their balances reached a set level); *Local 889 American Fed'n of State, County, & Mun. Employees v. Louisiana*, 145 F.3d 280, 284 (5th Cir. 1998) (state required employee to use compensatory time before using annual leave). The Eighth Circuit has, however, held that it violates the FLSA for an employer to force employees to take compensatory time. *See Heaton v. Moore*, 43 F.3d 1176, 1180 (8th Cir. 1994).

The decision of the United States Supreme Court in *Christensen v. Harris County* will certainly be relevant to any future legislation requiring state employees to exhaust accumulated FLSA compensatory leave before receiving workers' compensation income benefits, or authorizing state agencies to impose such a requirement. At present, however, the legislature has neither imposed such a requirement on state employees nor authorized state agencies to impose this requirement on their employees. Accordingly, a state agency has no authority to postpone the accrual of weekly income benefits until an employee has exhausted his or her compensatory leave accrued under the FLSA or under state law.[2]

If state agencies cannot require an employee to exhaust accumulated compensatory leave, you ask whether they may prohibit the use of compensatory leave while drawing such benefits. The Fair Labor Standards Act provides with respect to compensatory time accrued under its provision that when a public employee requests to use his or her compensatory time, the employee shall be permitted by his or her employer to use the time within a reasonable period after making the request,

---

[2]The State Auditor's Office has issued Technical Update 99-02, which concludes, in reliance on a "recent ruling by the Fifth Circuit Court of Appeals," that state agencies may require state employees to exhaust FLSA compensatory time balances before using annual leave. SAO TECHNICAL UPDATE 99-02 (Aug. 10, 1999). The Technical Update was issued before the United States Supreme Court granted certiorari in *Christensen v. Harris County*. Moreover, it does not consider whether a state agency may require employees to exhaust compensatory leave before receiving weekly income benefits under the workers' compensation provisions.

if using the compensatory time "does not unduly disrupt the operations of the public agency." 29 U.S.C. § 207(o)(5) (1994). When a state employee is already on leave because of a work-related illness or injury, it is difficult to see how his or her use of FLSA compensatory leave will unduly disrupt the operations of the agency.

No statute authorizes state agencies to prohibit the use of state or FLSA compensatory leave while drawing workers' compensation income benefits. Under Texas law, a state agency or political subdivision may not offset workers' compensation against other benefits or forms of compensation unless there is express statutory authority to do so. *See El Paso County v. Jeffers*, 699 S.W.2d 375, 377 (Tex. App.–El Paso 1985, no writ); *City of Corpus Christi v. Herschbach*, 536 S.W.2d 653 (Tex. Civ. App.–Corpus Christi 1976, writ ref'd n.r.e.); Tex. Att'y Gen. Op. Nos. JC-0040 (1999) at 2; JM-915 (1988) at 4-7; H-701 (1975) at 2. In Attorney General Opinion H-701, this office concluded that an injured employee who was receiving workers' compensation benefits could receive pay for compensatory time and vacation at the same time. "There is no statutory requirement that workmen's compensation benefits be offset against payments for compensatory time and vacation, and therefore no such offset is permitted." Tex. Att'y Gen. Op. No. H-701 (1975) at 2.

State law in fact requires the employing agency to "accommodate to the extent practicable an employee's request to use accrued compensatory time." TEX. GOV'T CODE ANN. § 659.023 (Vernon Supp. 2000). If compensatory time is earned by working on a state or national holiday, the "state employee must give reasonable notice of the employee's intention to use the compensatory time but is not required to say how the compensatory time will be used." TEX. GOV'T CODE ANN. § 662.007(b). Attorney General Opinion MW-414 (1981) stated that this language contemplates a shared responsibility between employee and supervisor on the use of compensatory time, so that "the employee is enabled to use his time when most convenient for him to do so, and, on the other hand, so that the work of the agency is not unduly disturbed by his absence." Tex. Att'y Gen. Op. No. MW-414 (1981) at 2. However, when the employee is already absent because of a work-related illness or injury, the agency cannot claim that he or she must defer using compensatory time to prevent disturbance of its work. Moreover, if the agency has no right to know why an employee wants to use compensatory time under this provision, we do not believe it may refuse the request because it disapproves of the reason for taking compensatory time — that is, because the employee is on leave due to a work-related illness or injury. If a state employee's compensatory time is subject to lapsing, section 659.022 of the Government Code requires the employer to approve an employee's written request to use the time or provide the employee with an alternative date on which he or she may use the compensatory time. State agencies not only lack express authority to prohibit employees from using state or FLSA compensatory leave while drawing workers' compensation income benefits, but they also are subject to statutes requiring them to cooperate with an employee's request to use accrued compensatory time. We conclude that state agencies may not prohibit their employees from using compensatory leave while receiving weekly income benefits under the workers' compensation law.

## S U M M A R Y

State agencies lack authority to require employees to exhaust compensatory leave accrued under state law or the federal Fair Labor Standards Act before receiving weekly income benefits under the workers' compensation law. Nor may state agencies prohibit their employees from using compensatory leave during the time they are receiving weekly income benefits under the workers' compensation law.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee