**Sally–Jane LIM, Plaintiff—Appellant,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, a Corporation, et al., Defendants—Appellees.**

No. 00–56403.

D.C. No. CV–99–13214–DT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2001.

Decided May 17, 2002.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before BROWNING, REINHARDT and TALLMAN, Circuit Judges.

## MEMORANDUM *

### I. Procedural Background

Plaintiff Sally–Jane "SJ" Lim ("Lim") filed a civil complaint in the Superior Court of the State of California for the County of Los Angeles, alleging the following causes of action against her employer, Prudential Insurance Company of America ("Prudential"): (1) wrongful termination in violation of public policy, (2) defamation, and (3) wrongful termination in breach of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

employment agreement. Prudential removed the case pursuant to 28 U.S.C. §§ 1331 and 1441, and filed a motion to dismiss, which the district court granted without prejudice and with leave to amend, holding that the first and third causes of action were preempted by § 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Subsequently, the defamation claim was remanded to the state court.

Lim ultimately filed a second amended complaint consisting solely of her claim of wrongful termination in violation of public policy. Prudential again filed a motion to dismiss, while Lim filed a motion to remand. The district court first dealt with the latter motion. It examined the second amended complaint, and concluded that Lim's state law claim was preempted by § 301 of the LMRA because it required the court to interpret the collective bargaining agreement ("CBA") which governed her employment relationship with Prudential. On that basis, it denied the motion to remand. The district court then held that exhaustion of the CBA's grievance and arbitration procedure was required for claims preempted by § 301, and granted Prudential's motion to dismiss Lim's state law claim on the ground of failure to exhaust.

II. Lim's Claim of Wrongful Termination in Violation of Public Policy Under California Law is Not Preempted Under § 301 of the LMRA

A. Under California Law, Lim States a Claim of Wrongful Termination in Violation of Public Policy

■ Lim alleges that Prudential terminated her employment in order to avoid paying her commissions she earned in the course of her work as an insurance representative. California state law permits a claim of wrongful termination in violation of public policy where termination of employment occurs in violation of a fundamental state policy. *Green v. Ralee Engineering Co.*, 19 Cal.4th 66, 78 Cal.Rptr.2d 16, 960 P.2d 1046, 1048 (1998); *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 164 Cal.Rptr. 839, 610 P.2d 1330, 1331 (1980). The California Supreme Court has limited such claims to those "carefully tethered to fundamental policies that are delineated in constitutional or statutory provisions." *Gantt v. Sentry Ins.*, 1 Cal.4th 1083, 4 Cal.Rptr.2d 874, 824 P.2d 680, 688 (1992). Applying *Gantt*, the California Court of Appeals has held that the duty of an employer to pay an employee earned sales commissions is just such a fundamental policy. *Gould v. Maryland Sound Indus., Inc.*, 31 Cal.App.4th 1137, 37 Cal.Rptr.2d 718, 724 (1995). *See* Cal. Lab.Code §§ 201 (requiring prompt and full payment of wages upon termination), 202 (same for resignation), 216 (criminalizing the failure to pay wages promptly and in full upon termination).[1]

■ While we recognize that *Gould* is a state court of appeal decision rather than a California Supreme Court decision, we are bound to follow it in the absence of "convincing evidence" that the state supreme court would decide the question differently. *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1494 n. 4 (9th Cir.1996) (quoting *In re Kirkland*, 915 F.2d 1236, 1239 (9th Cir.1990)) (holding that when presented with an issue of state

---

1. In addition, Lim's complaint alleges that Lim was terminated to prevent the *vesting* of certain other *accrued* "renewal/trail" commissions. We need not decide whether that allegation would in itself support a claim of wrongful termination in violation of public policy under California law, although we note that *Gould* appears to decide only the question of *earned* commissions.

law that neither this court nor the state supreme court has previously addressed, this court must follow the intermediate state appellate courts absent "convincing evidence" that the state supreme court would hold otherwise). We note, however, that the question whether *Gould* accurately states the law of California might best be left to the California courts to decide.

In view of the above, Lim adequately states an independent state law claim that is "carefully tethered to fundamental policies that are delineated in constitutional or statutory provisions." *Gantt*, 4 Cal. Rptr.2d 874, 824 P.2d at 688.

### B. Lim's State Law Claim Does Not Require Interpretation of the Collective Bargaining Agreement

■ Preemption applies in several circumstances, but the principal one, and the one relied upon by the district court, is where a court is necessarily required to construe a CBA in order to resolve a state law claim. *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 693 (9th Cir.2001) (en banc) (holding that a state law claim is not preempted unless "it necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute."). *See also Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 220, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985) ("[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must be either treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." (internal citation omitted)).

Here, we must determine whether a court would be necessarily required to interpret the CBA in order for Lim to prevail on her claim that Prudential was *motivated*, even if unsuccessfully or irrationally, by the desire not to pay her earned commissions. We conclude that it would not. Lim can establish her right to recover simply by showing that Prudential decided to create a pretext for not paying her the commissions to which she was entitled, and that it then implemented that decision. As the Supreme Court held in *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987), and this court recently reiterated in *Cramer*, "a defense based on the terms of a CBA is not enough to require preemption." *Cramer*, 255 F.3d at 690 (citing *Caterpillar*, 482 U.S. at 399, 107 S.Ct. 2425). *See also Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 408–10, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). Furthermore, although the court hearing Lim's claim may be required to *refer* to the collective bargaining agreement in order to confirm that termination did indeed deprive Lim of earned commissions, that is also not sufficient to result in preemption. *Livadas v. Bradshaw*, 512 U.S. 107, 124, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994); *Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir.2000). Neither is the fact that the court may need to interpret the terms of the agreement for damages purposes. *Lingle*, 486 U.S. at 413 n. 12, 108 S.Ct. 1877. Therefore, Lim's state law claim of wrongful termination in violation of public policy is not preempted by § 301 of the LMRA. The district court's erroneous conclusion that it was led it to commit legal errors with respect to both Lim's motion to remand and Prudential's motion to dismiss.

### III. Remand of Lim's Second Amended Complaint Is Not Barred by the Preemption Doctrine

The district court's sole reason for refusing to remand Lim's second amended com-

plaint was its assertion that Lim's claim of wrongful termination in violation of public policy was preempted and constituted a § 301 claim. Because as we have concluded above, Lim's claim is not preempted and does not constitute a § 301 claim, the district court erred with respect to the motion to remand. Preemption does not bar the remand of Lim's claim.

IV. Dismissal of Lim's Complaint Was Erroneous Because Lim Is Not Required to Exhaust Her Remedies Under the CBA

■ The district court held that dismissal of Lim's complaint was required because: her claim was preempted and must be treated as a § 301 claim; preempted claims which are converted into § 301 claims must be exhausted in accordance with the grievance procedure contained in the CBA; and Lim failed to exhaust the CBA's grievance procedure with respect to her claim. Because as we have concluded above, Lim's claim is not preempted, and does not constitute a § 301 claim, the district court erred with respect to the motion to dismiss.

We also note that an employee covered by a CBA is not required to exhaust the agreement's grievance procedure for claims that are not based on the CBA but arise from statutory rights independent of that agreement. *Albertson's Inc. v. United Food & Commercial Workers Union,* 157 F.3d 758, 760–61 (9th Cir.1998); *Jackson v. Southern Cal. Gas Co.,* 881 F.2d 638, 646 (9th Cir.1989). Because Lim's claim is based on a violation of a fundamental state statutory policy that is independent of the CBA and because her claim is not based on a breach of the CBA, the district court erred in dismissing that claim on the ground that Lim failed to exhaust the CBA's grievance procedure.

Accordingly, we vacate the district court's dismissal of Lim's claim, and its denial of her motion to remand. We remand for proceedings consistent with this disposition.

VACATED and REMANDED for further proceedings consistent with this disposition.

